**Fred ZIMMERMAN, Trustee**

v.

**Martin DUGGAN, et al.**

**PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY**

v.

**HYDRA CO. ENTERPRISES, INC. and Suds Energy Associates.**

No. 87–4792.

United States District Court, E.D. Pennsylvania.

March 17, 1988.

**48**

William Lashner, Philadelphia, Pa., for plaintiff.

W. Jeffrey Garson, Thomas Preston, William Hildenbrand, Philadelphia, Pa., for defendants.

## MEMORANDUM

NEWCOMER, District Judge.

Presently before the Court is defendants Martin Duggan, Hydra-Co Enterprises, Inc., Suds Energy Associates, Bradford Mills, Winston Churchill, and Sidney Staun-

ton's motion to dismiss[1] plaintiff's complaint. For reasons set forth below, defendants' motion is granted in part and denied in part.

In reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the court must accept the allegations in the complaint as true. The complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 101–2, 2 L.Ed.2d 80 (1957) (footnote omitted). The review of defendants' motion naturally centers on plaintiff's complaint.

The complaint alleges that the defendants committed various acts in violation of 18 U.S.C. § 1961 *et. seq.*, the bankruptcy laws, and state common law. Federal jurisdiction is properly premised on the alleged RICO violation and the bankruptcy law violations.[2] The specifics of the complaint are as follows. Plaintiff Fred Zimmerman is trustee in bankruptcy of American Energy Corporation (AEC). AEC is a Pennsylvania corporation engaged in the design, manufacturing and installation of trash to steam incinerator systems. Plaintiff has sued the following defendants: Hydra-Co Enterprises, (Hydra-Co), a New York corporation owing 17% of AEC stock; Bradford Mills (Mills), a New York citizen and AEC shareholder and also a partner of Bradford Associates, an investment advising group that advised a company known as Bessemer Securities to purchase 30% of AEC stock; Winston Churchill (Churchill), a Pennsylvania citizen and AEC shareholder and chairman of the AEC board of directors from November 1983 to July 1985, and also a partner of Bradford Associates; Sidney Staunton (Staunton), a Connecticut citizen, August 1983 to November, 1983 chairman of AEC's board of directors,

---

**1.** Sidney Staunton filed his own separate motion to dismiss the action. Mr. Staunton's motion incorporated the remaining defendants' motion as his own so both motions will be addressed by this opinion.

**2.** The court is concerned that it may not have subject matter jurisdiction regarding defendant Sidney Staunton because no federal claims are alleged against him. I have requested that the parties brief the issue in an order dated March 10, 1988, and I will address that issue in a subsequent memorandum or order.

board member until December 1984, and paid financial consultant for AEC; Martin Duggan (Duggan), a New York citizen who was president and director of AEC and also president of co-defendant Hydra-Co; Suds Energy Associates (Suds), a New York limited partnership with Hydra-Co as general partner holding a 14% ownership interest and Churchill and Mills as limited partners each owning a 38% interest.

Plaintiff's complaint in this action consists of fourteen counts alleging fraud, breach of corporate fiduciary duties by former officers, directors and shareholders of AEC, racketeering, usurpation of corporate opportunities and other related causes of action. The crux of plaintiff's claims seems to be that the defendants gained control of AEC in November 1983, and used the corporation for a personal benefit[3] at the expense of minority shareholders and creditors thus finally causing AEC to fall victim to an involuntary bankruptcy petition in August 1985.

I will address defendants' various points of contention separately below.

## I. *RICO Claim*

The allegations necessary to support a RICO claim under 18 U.S.C. § 1962 are (1) the conducting of (2) an enterprise, (3) through a pattern, (4) of racketeering activity. *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed. 2d 346 (1985). The defendants claim that the plaintiff failed to plead a pattern of racketeering activity by the defendants. Recently, the Third Circuit Court of Appeals has provided guidance with respect to the "pattern" requirement. Complaints are to be examined on a case-by-case basis; courts should inquire into the extent of racketeering activity alleged. Relevant factors include, but are not limited to, the number of unlawful acts, the length of time over which the acts were committed, the similarity of the acts, the number of

victims, the number of perpetrators, and the character of the unlawful activity. *Marshall Silver Construction Co. v. Mendel*, 835 F.2d 63 (3d Cir.1987) (citations omitted).

In the present case, plaintiff claims that defendants Hydra-Co, Churchill, Mills and Suds maintained an interest in and control of AEC through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(b); conducted or participated, directly or indirectly, in the conduct of AEC's affairs through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c); and finally conspired to violate the above noted sections in violation of 18 U.S.C. § 1962(d).

■ Specifically, plaintiff alleges that defendants Hydra-Co, Churchill, Mills, and Suds, in concert, developed and executed a scheme to defraud the shareholders and creditors of AEC. The purpose of the scheme was for defendants to gain control of AEC and, through that control, force AEC to build, at increased costs to AEC, additions and alterations upon a waste to steam incinerator at the Schmidt's brewery to be owned by defendants. Such additions and alterations were to substantially increase the value of the system to its owners. This scheme was allegedly effected through a pattern of mail and wire frauds in violation of 18 U.S.C. §§ 1341 and 1343. Plaintiff claims that defendants' activities in effect represented three different and distinct fraudulent schemes: (1) the purchase of both control of AEC and ownership of the Schmidt's system with the fraudulent intent to divert AEC funds to the defendants' benefit; (2) the fraudulent diversion of AEC's funds to the Schmidt's system for the defendants' benefit; and (3) a fraudulent stock offering for the sole purpose of keeping AEC alive to continue the diversion of AEC funds to the Schmidt's system at the shareholders' and creditors' expense. (Complaint, ¶ 102).

---

**3.** Plaintiff claims that the defendants unlawfully reaped the benefits from a contract between AEC and C. Schmidt and Sons brewery in Philadelphia whereby AEC was to install a trash to steam incinerator at the brewery in return for compensation from Schmidt's energy savings.

AEC contracted with Hydra-Co to finance the construction of the incinerator. Hydra-Co ultimately sold its interest in the Schmidt contract to Suds. Through these transactions, plaintiff claims that the defendants acted improperly out of self interest to the detriment of AEC.

In furtherance of their plan, defendants allegedly posted and knowingly caused others to post correspondence through the U.S. Postal Service and via live or radio communication in interstate commerce in violation of 18 U.S.C. §§ 1341 and 1342. Examples of this activity, while not an exclusive listing, include the following: Hydra-Co sent AEC a letter of intent to finance the Schmidt project on August 26, 1983; Hydra-Co placed a telephone call to AEC in November, 1983 so that AEC would initial the draft turnkey construction agreement in Syracuse; Negotiations occurred on the phone and through the mails during 1984 between Hydra-Co, Churchill and Mills concerning the formation of Suds; (Complaint, ¶ 103); Hydra-Co sent instructions to AEC concerning the building of the Schmidt's incinerator through the U.S. mails and by phone; Additionally, Hydra-Co negotiated the contract between AEC and Hydra-Co, signed on June 21, 1984, which was materially unfair to AEC, through the phone and through the mails partially in a letter from AEC to Hydra-Co dated June 8, 1984 and a letter from Hydra-Co to AEC dated June 15, 1984; Further, Suds authorized AEC to make additional, unwarranted modifications on the Schmidt's project at its own expense in a June 4, 1985 letter from Suds to AEC (Complaint, ¶ 104); Finally, defendants fraudulently stated the purpose of the stock offering in letters to shareholders dated May 7, 1985 and June 4, 1985 (Complaint, ¶ 105).

This activity, if true, represents nearly two years of relatively ongoing unlawful acts perpetrated by at least 2 individuals, a corporation and a limited partnership against a corporation, its shareholders and its creditors. Plaintiff further claims that the fraud would have continued for as long as it was required if it was not halted when defendants' activities bankrupted AEC. The continuity plus the relationship of these unlawful acts, if proven, could demonstrate a "pattern" of racketeering activity within 18 U.S.C. § 1962. Therefore, I will not dismiss plaintiff's RICO claim.

## II. *Standing to Raise Claims*

Defendants claim that plaintiff has improperly asserted a RICO claim on behalf of AEC's shareholders and creditors. While it is true that shareholders and creditors' rights are merely derivative of AEC's rights, AEC clearly has standing to assert a RICO claim on its own behalf for harm done to the corporation itself. *Rand v. Anaconda-Ericsson, Inc.,* 794 F.2d 843, 849 (2nd Cir.1986) *cert. denied* — U.S. ——, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986); *Warren v. Manufacturers National Bank of Detroit,* 759 F.2d 542, 544–45 (6th Cir. 1985). Similarly, AEC's trustee has standing to pursue the remaining claims on behalf of the corporation. The trustee stands in the shoes of AEC and has a right to bring whatever actions the bankrupt, AEC, could bring on its own behalf. *Matter of Gebco Investment Corp.,* 641 F.2d 143, 146 (3d Cir.1981). While a trustee may not raise a shareholder or creditor's claim directly, *In re Ozark Restaurant Equipment Co., Inc.,* 816 F.2d 1222, Bank L.Rep. ¶ 71, 780 (8th Cir.1987) *cert. denied* — U.S. ——, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987) and *Melamed v. Lake County National Bank,* 727 F.2d 1399 (6th Cir.1984), suits brought on behalf of the corporation invariably benefit the bankrupt's entire community of interests—including shareholders and creditors. *Pepper v. Litton,* 308 U.S. 295, 307, 60 S.Ct. 238, 245–46, 84 L.Ed. 281 (1939). Consequently, I dismiss all claims brought directly on behalf of AEC's shareholders and creditors but I will not dismiss all claims brought on behalf of the bankrupt, AEC.

## III. *Defendant Sidney Staunton's Motion*

In addition to joining the other defendants in the above stated grounds for their motion to dismiss, defendant Staunton asserts additional grounds to justify a dismissal of the claims alleged against him. To begin with, defendant Staunton claims that plaintiff has not stated facts with sufficient particularity to constitute a cause of action for fraud. Significantly, plaintiff has not asserted a cause of action for fraud against defendant Staunton. Plaintiff's claims in-

clude various breaches of fiduciary duties owned by defendant Staunton which allegations are sufficiently plead and will not be dismissed. In addition, the Court finds that this case does not involve indispensable parties yet to be joined. Finally, it is too premature at this point to dismiss plaintiff's claim for punitive damages as a matter of law.

Plaintiff's claims against defendant Staunton therefore are not dismissed.

An appropriate order follows.

## ORDER

AND NOW, this 17th day of March, 1988, upon consideration of all of the defendants' motions to dismiss plaintiff's complaint and plaintiff's responses thereto, it is hereby Ordered that the defendants' motions are DENIED with respect to all claims brought by the trustee on AEC's behalf. The motions are granted regarding all claims brought on behalf of AEC's shareholders and creditors.

AND IT IS SO ORDERED.